A89A0607. JONES v. JONES.
(381 SE2d 565)

DEEN, Presiding Judge.

In January of 1984 appellant Gary Jones was appointed guardian of the person and property of his father, appellee Woodrow W. Jones, a widower of some sixty-seven years whose mental and physical con-

dition had deteriorated following a stroke several years previously. In May of 1988 the elder Jones, appellee here, petitioned the Muscogee County Probate Court for termination of the guardianship. After a hearing, the petition was granted and appellee's former rights and powers, which had been removed in 1984 pursuant to OCGA § 29-5-7 (d), were restored. Gary Jones appeals from this judgment and order, enumerating as error (1) the trial court's alleged failure to take into consideration his father's physical condition, (2) the court's failure to notify appellant that the court had appointed a physician to perform an evaluation of appellee prior to the hearing, (3) the court's failure to make "adequate" findings of fact and conclusions of law, and (4) the court's dissolution/termination of the guardianship. *Held*:

1. Our scrutiny of the hearing transcript, the deposition testimony, and other portions of the record indicates that the trial court carefully inquired into and took into consideration medical evidence supplied by the examining physician and other witnesses, and also conducted a face-to-face interview with appellee in which he had opportunity to observe his appearance, speech, and demeanor. Thus the court had available, and evidently considered, ample evidence of appellee's physical condition, in compliance with OCGA § 29-5-1 and other relevant statutory provisions. This enumeration is without merit.

2. Likewise without merit is appellant's second enumeration. We know of no provision in Georgia law, and appellant cites none, which requires notice of the sort advocated by appellant. Moreover, the record shows that appellant did receive notice of the physical evaluation on May 25, 1988, fifteen days before the scheduled evaluation by the designated licensed physician. OCGA § 29-5-6 (c) (1). This enumeration has no merit.

3. The record reveals that in his October 25, 1988, order terminating the guardianship, the trial court made findings of fact and conclusions of law, as required in OCGA § 9-11-52. The record further reveals that there was more than a sufficiency of evidence which would support the trial court's findings of fact and authorize his conclusions of law, and that, moreover, appellant's counsel made no request for additional or more specific findings of fact and expressly approved the court's final order. Appellant's third enumeration is also without merit.

4. Since appellant's fourth enumeration is a sort of generalized "catch-all" allegation, the validity of which depends ultimately upon the validity of the first three enumerations of error, it follows that there is nothing in the record which would demand the denial of appellee's petition and the perpetuation of the guardianship. Furthermore, it is the guardian who has the burden of proof, OCGA § 29-5-9 (b), and the trial court's final order recites that he has reviewed the

hearing transcript and the record. This enumeration is devoid of merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 12, 1989 —
REHEARING DENIED APRIL 27, 1989.

*James A. Elkins, Jr.*, for appellant.
*Robert G. Jones III*, for appellee.